**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL T. DAVITT, ) | |
| ) | |
| Petitioner, ) | **Case No. 3:06-cv-00606-HDM-VPC** |
| ) | |
| vs ) | |
| ) | ORDER |
| DONALD HELLING, et al., ) | |
| ) | |
| Respondents. ) | |

Before the court are Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Docket #6), and several letters from Petitioner (Docket ##9, 10, 17, 18). One of Petitioner's letters ask the court for permission to amend his federal habeas petition to add Ray Rickard as a Respondent (Docket #9). Petitioner's second letter asks the court to issue a subpoena for documents (Docket #10). And finally, Petitioner has submitted two letters requesting the status of his case (Docket ##17, 18). For the reasons stated below, Respondents' motion to dismiss will be granted, and all of Petitioner's pending motions and requests will be denied.

**A. Motion to Dismiss (Docket #6)**

Respondents' motion asks this court to dismiss Petitioner's federal habeas petition because it is unexhausted. A federal court will not grant a state prisoner's petition for

habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *See also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F.Supp. 1480, 1481 (D. Nev. 1988) *citing Picard*, 404 U.S. at 276. To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995), *See Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001), *quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture that it was in the state courts, or where different facts are presented at the federal level to support the same theory.

*See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.Supp. 455, 458 (D.C.Nev. 1984).

In this case, it is clear that Petitioner's habeas petition is unexhausted and must be dismissed. Petitioner's habeas petition contains a single ground for relief, arguing that his Fifth Amendment due process rights were violated when he was not provided with a pre-trial preliminary hearing within 15 days as required by Nevada law. On March 13, 2006 Petitioner pled guilty to one count of burglary. (See Exhibit D, Docket #10 in Case No. 3:07-cv-00058-HDM-VPC)[1]  Petitioner did not file any direct appeal, or any state post-conviction petition following his guilty plea. Instead, Petitioner has filed multiple federal pleadings attempting to challenge his conviction. It is clear from the record in this case, and the other cases Petitioner has filed in this court, that his federal habeas claim is unexhausted. The court must immediately dismiss any petition that contains no exhausted claims. *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001), *citing Greenwalt v. Stewart,* 105 F.3d 1268 (9th Cir. 1997).

**B.    Motion to Amend Complaint (Docket #9)**

Petitioner's letter requests permission to amend his federal habeas petition to add Ray Rickard, Phd. as a Respondent in this case. Petitioner has offered no legal authority in support of his request, and has not explained why Mr. Rickard should be added as a Respondent. Although Federal Rule of Civil Procedure 15 provides that the court should grant leave to amend freely, the right to amend is not unlimited. In this case, Petitioner has not explained how Mr. Rickard is related to this habeas petition, or what legal authority would permit this court to add him as a Respondent. Furthermore, because the court has determined that Petitioner's single habeas claim is unexhausted, amendment

---

[1] All references to Exhibits in this order refer to the exhibits attached to Respondents' Motion to Dismiss in Case No. 3:07-cv-00058-HDM-VPC unless otherwise noted.

of the petition in this case would be futile. *See Caswell v. Calderon,* 363 F.3d 832, 837 (9th Cir. 2004).

**C.     Motion for Issuance of Subpoena (Docket #10)**

Because the court is granting Respondents' motion to dismiss, Petitioner's federal habeas petition will be dismissed in its entirety and Petitioner's request for a subpoena is therefore moot.

**D.     All Other Pending Requests (Docket ##17, 18)**

Petitioner's requests for the status of his case will also be denied as moot. This order will serve to inform Petitioner of the status of his case.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Docket #6) is **GRANTED**. Petitioner's federal habeas petition (Docket #4) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's motion to amend his petition (Docket #9) is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions and requests (Docket ##10, 17, 18) are **DENIED** as moot.

Dated this 17th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE